1

2

3

4

5

6

7

8            UNITED STATES DISTRICT COURT
           WESTERN DISTRICT OF WASHINGTON
9                     AT TACOMA

10

11  ESSEX INSURANCE COMPANY, a          CASE NO. 3:12-cv-5773 RJB
    corporation,

12                    Plaintiff,         ORDER ON DEFENDANTS'
                                         MOTION TO STAY OR DISMISS
13          v.

14  KUT SUI and MAY FAR LUI, husband
    and wife,

15
                      Defendants.

16

17        This matter comes before the Court on Defendants' Motion to Stay or Dismiss.  Dkt. 5.

18  The Court has reviewed the file and the relevant documents herein.

19                              FACTS

20        Defendants are owners of commercial property located at 640 North Fife Street in

21  Tacoma, Washington (the Property).  Dkt. 7, at 2.  Essex Insurance Company (Essex) insured the

22  Defendants' property under policy number BF 460250006 (the Policy) (the actual policy number

23  is inconsistent throughout the pleadings).  Dkt. 6-1, at 3.  Around January 1, 2011, Defendants'

24  property suffered water damage from a frozen sprinkler pipe.  Dkt. 6-1, at 3.  Defendants

1    submitted an insurance claim to Essex for the damages related to the frozen sprinkler pipe.  Dkt.

2    6-1, at 4.  Defendants hired ServiceMaster of Tacoma, Inc. (ServiceMaster) to clean and remove

3    damaged property.  Dkt. 6-1, at 4.  On March 3, 2011, Essex distributed an initial claim payment

4    of $122,422.75.  Dkt. 6-1, at 4.  Essex denied any further claims due to the discovery of asbestos

5    on the property.  Dkt. 6-1, at 9.  After reconsideration, Essex paid an additional $161,155.30 to

6    Defendants, totaling $293,598.05 in claims payments.  Dkt. 6-1, at 5.  Defendants submitted

7    additional information regarding its property loss claim, requesting further payments.  Dkt. 6-1,

8    at 5.  On February 14, 2012, Essex sent a letter to Defendants denying any further claims, stating

9    that Defendants misrepresented material facts during the claims investigation. Dkt. 8-1, at 9.

10    Essex also stated in the letter that Essex would not seek reimbursement on the two previous

11    payouts as long as Defendants did not pursue any further claims.  *Id.*

12                                    PROCEDURAL HISTORY

13            On August 8, 2012, Defendants notified Essex that they intended to file a complaint

14    against Essex in state court.  Dkt. 8-1, at 27.  On August 30, 2012, Essex filed a complaint in this

15    Court, requesting (1) a declaration that Essex has no obligation to cover the Defendants losses;

16    (2) damages from breach of contract from alleged misrepresentation; and (3) reimbursement and

17    restitution from Essex's already-paid insurance claims disbursements.  Dkt. 1.  On September 4,

18    2012, Defendants filed a complaint in Pierce County Superior Court against Essex, alleging (1)

19    breach of contract; (2) bad faith; (3) violation of Washington's Consumer Protection Act; (4)

20    violation of the Insurance Fair Claims Act; and (5) requesting declaratory relief; and (6) alleging

21    negligence against ServiceMaster.  Dkt. 6-1.  On October 12, 2012, Essex filed a motion in the

22    Pierce County Superior Court to sever the Pierce County case.  Dkt. 7-1, at 2.  The motion to

23    sever is still pending in state court.

24

ORDER ON DEFENDANTS' MOTION TO STAY
OR DISMISS- 2

1          <u>MOTION TO STAY OR DISMISS</u>

2          On September 21, 2012, Defendants filed a Motion to Stay or Dismiss the action before

3  this Court.  Dkt. 5.  Defendants seek to stay or dismiss this proceeding pending resolution of the

4  Pierce County Superior Court proceeding because (1) a declaratory judgment proceeding in

5  federal court should be stayed or dismissed when the state court suit presents the same issues

6  under state law, which is present in the two federal and state suits at issue here; (2) inconsistent

7  findings could result if the state and federal proceeding were allowed to continue at the same

8  time; (3) the state court can resolve all claims and issues given that all relevant parties are

9  involved in the state action; and (4) Essex is forum shopping through 'reactive litigation.'  Dkt.

10  5.

11          On October 15, 2012, Essex filed a Response.  Dkt. 7.  Essex argues that the Court should

12  deny Defendants' Motion because (1) the state law issue is not complex; (2) Essex's complaint

13  in this Court is not 'reactive litigation'; and (3) the action before this Court is not duplicative of

14  the state court action given that Essex is also seeking monetary relief.  *Id.*  Alternatively, Essex

15  argues that this Court should stay this action pending the outcome of Essex's motion to sever in

16  state court because "the Pierce Country's grant of the pending motion would conclude the

17  controversy."  *Id.* at 8.

18          On October 22, 2012, Defendants filed a late Reply.  Dkt. 9.  There is no reason given for

19  this delay, and the Court should not consider the arguments contained in the Reply in reaching its

20  conclusions.

21                              <u>DISCUSSION</u>

22  **A. Motion to Dismiss Declaratory Judgment**

23          1. The Parties' Positions

24

ORDER ON DEFENDANTS' MOTION TO STAY
OR DISMISS- 3

1    Defendants request that this Court dismiss the declaratory judgment action because

2 Defendants contend that the litigation before this Court is duplicative of the proceedings before

3 the state court.  Essex contends that the proceedings before this Court are not duplicative of the

4 state court proceedings because Essex claims damages as well as declaratory relief.

5    2. Legal Standard

6    "If there are parallel state proceedings involving the same issues and parties pending at

7 the time the federal declaratory action is filed, there is a presumption that the entire suit should

8 be heard in state court [citation omitted].  The pendency of a state court action does not, of itself,

9 require a district court to refuse federal declaratory relief [citation omitted].  Nonetheless, federal

10 courts should generally decline to entertain reactive declaratory actions."  *Gov't Employees Ins.*

11 *Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998).

12    However, "when other claims are joined with an action for declaratory relief (e.g., bad

13 faith, breach of contract, breach of fiduciary duty, rescission, or claims for other monetary

14 relief), the district court should not, as a general rule, remand or decline to entertain the claim for

15 declaratory relief [citation omitted].  If a federal court is required to determine major issues of

16 state law because of the existence of non-discretionary claims, the declaratory action should be

17 retained to avoid piecemeal litigation [citation omitted]."  *Gov't Employees Ins. Co. v. Dizol*, 133

18 F.3d 1220, 1225-26 (9th Cir. 1998).

19    "Claims that exist independent of the request for a declaration are not subject to the

20 Declaratory Judgment Act's discretionary jurisdictional rule [citation omitted]. They invoke the

21 'virtually unflagging' obligation of the district court to hear jurisdictionally sufficient claims.

22 [citations omitted]."  *Snodgrass v. Provident Life & Acc. Ins. Co.*, 147 F.3d 1163, 1167 (9th Cir.

23 1998).  "Where the dismissal of claims for declaratory relief would require 'an independent and

24

1   unnecessary state lawsuit that would be duplicated by the damages lawsuit that the district court

2   was compelled to retain' [citation omitted], a district court should retain jurisdiction over the

3   declaratory claims to avoid duplicative litigation. *Snodgrass v. Provident Life & Acc. Ins. Co.*,

4   147 F.3d 1163, 1167 (9th Cir. 1998).  "The appropriate inquiry for a district court in a

5   Declaratory Judgment Act case is to determine whether there are claims in the case that exist

6   independent of any request for purely declaratory relief, that is, claims that would continue to

7   exist if the request for a declaration simply dropped from the case." *Snodgrass v. Provident Life*

8   *& Acc. Ins. Co.*, 147 F.3d 1163, 1167-68 (9th Cir. 1998).

9           3. Analysis

10          Although styled as a declaratory judgment action, this case is a breach of contract case

11  that requires interpretation of terms of the insurance contract.  However, even if the case could

12  be considered a declaratory judgment action, plaintiffs are not entitled to dismissal of this action,

13  for the following reasons.  Essex is requesting (1) declaratory relief, (2) damages from breach of

14  contract, and (3) reimbursement and restitution from Essex's already-paid insurance claims

15  disbursements. If this Court were to dismiss the request for declaratory relief, two claims seeking

16  damages would remain in this Court.  This action would create more piecemeal litigation than

17  already exists. Therefore, this Court is obliged to hear all claims and should not exercise its

18  discretion to dismiss under the Declaratory Judgment Act, and should retain all of Essex's

19  claims.  The Court should deny Defendants' Motion to Dismiss.

20  **B. Motion to Stay**

21          1. The Parties' Positions

22          In the alternative, Defendants request that this Court stay the proceedings pending

23  resolution of the state court proceedings because of the potential for inconsistent results.  Essex

24

ORDER ON DEFENDANTS' MOTION TO STAY
OR DISMISS- 5

1  also maintains that a stay should be granted, but only until the resolution of Essex's motion to

2  sever pending in state court.

3      2. Legal Standard

4      The "power to stay proceedings is incidental to the power inherent in every court to

5  control the disposition of the causes on its docket with economy of time and effort for itself, for

6  counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). That

7  discretion arises from the Court's inherent power to control its docket, conserve judicial

8  resources, and provide for a just determination of the cases before it. *Mediterranean*

9  *Enterprises, Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). "A trial court may,

10 with propriety, find it is efficient for its own docket and the fairest course for the parties to enter

11 a stay of an action before it, pending resolution of independent proceedings which bear upon the

12 case. This rule applies whether the separate proceedings are judicial, administrative, or arbitral in

13 character, and does not require that the issues in such proceedings are necessarily controlling of

14 the action before the court." *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863-

15 64 (9th Cir. 1979).

16     To determine if a stay should be granted, Courts must weigh the competing interests of

17 the parties and of the court, as outlined in the *Landis* factors:

18     Among those competing interests are the possible damage which may result from the
       granting of a stay, the hardship or inequity which a party may suffer in being required to
19     go forward, and the orderly course of justice measured in terms of the simplifying or
       complicating of issues, proof, and questions of law which could be expected to result
20     from a stay.

21 *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (citing *Landis*, 299 U.S. at 268).

22 The party requesting a stay must make out a clear case of hardship or inequity when there is a

23 "fair possibility that the stay for which he prays will work damage to some[]one else."

24

ORDER ON DEFENDANTS' MOTION TO STAY
OR DISMISS- 6

1  *Landis*, 299 U.S. at 255.

2      A stay will improve judicial efficiency and simplify issues when testimony, documents,

3  and findings of the state court proceedings will assist the court in resolving claims before the

4  court.  *See, e.g.*, *Lockyer*, 398 F.3d at 1112 (denying stay because parallel bankruptcy

5  proceedings will not address legality of whether defendant, by owning three power plants,

6  violated act against monopolistic control of California energy supply); *Mediterranean*

7  *Enterprises, Inc.*, 708 F.2d at 1465 ("By deciding those issues necessary to resolve counts 1, 2

8  and 4, the arbitrator might well decide issues which bear in some way on the court's ultimate

9  disposition of counts 7, 8 and 9" because all claims stem from same contract and transaction);

10  and *Leyva*, 593 F.2d at 863 ("In resolving this dispute, the arbitrator would no doubt make

11  findings as to what contract documents are controlling, the hours and work pattern of the

12  claimants, and the amount of wages paid to them," which would be the same findings required

13  during the court proceedings on the plaintiffs' Fair Labor Standards Act claims).

14      3. Analysis

15      Neither party makes out a case of damage, hardship, or inequity if this Court stays or

16  does not stay proceedings. Both parties focus their arguments on dismissal, rather than on

17  whether a stay should be granted. However, in arguing for dismissal, the parties address issues of

18  judicial economy, which is pertinent to determining whether a stay should be granted.

19      The proceedings before this Court and before the state court will likely rely on the same

20  insurance contract, the same accompanying documents, and the same event bringing about the

21  property damage.  The state court proceedings will likely address the same issue of the parties'

22  obligations under the insurance policy.  Therefore, the risk of inconsistent results is significant.

23  While the state law issues are not complex and Essex properly brought a diversity action before

24

1  this Court, the state court proceedings will simplify the issues and the facts, which will help

2  avoid inconsistent results before this Court.  Finally, the current motion before this Court is

3  independent of Essex's motion to sever before the state court.  This Court rules on the record it

4  has before it.  In the interests of the orderly course of justice, this Court should stay the

5  proceedings.  The Court should grant Defendants' Motion to Stay.

6       Accordingly it is hereby **ORDERED** Defendants' Motion to Dismiss is **DENIED**.

7  Defendants' Motion to Stay is **GRANTED** until the state court proceedings are sufficiently

8  resolved to enable this court to proceed as suggested herein.  Not later than ten days after such

9  events, the parties are **ORDERED** to file a Joint Status Report informing the Court whether the

10  claims in this federal case may proceeds and the status of those claims.

11       The Clerk is directed to send uncertified copies of this Order to all counsel of record and

12  to any party appearing *pro se* at said party's last known address.

13       Dated this 23rd day of October, 2012.

14

15

16       ROBERT J. BRYAN
         United States District Judge

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION TO STAY
OR DISMISS- 8